UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVARO CHAVEZ, | Case No. C11-1886-RSL-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Clerk of Court administratively opened this matter as a proposed civil-rights action and directed petitioner Alvaro Chavez, a federal prisoner incarcerated in Hertford County, North Carolina, either to submit the civil filing fee or an application to proceed *in forma pauperis* ("IFP"). (Dkt. 3.) In response, Mr. Chavez filed a "motion for contempt" (Dkt. 4) in which he stated that he never meant for his proposed "motion for an order of civil contempt" (Dkt. 1) to be a separate civil suit; rather, he intended for it to be filed in a closed 1989 federal criminal case in the Western District of Washington, No. CR89-83-WD, so that the Bureau of Prisons ("BOP") could be ordered to move him from a privately run facility to one directly operated by the BOP. Because Mr. Chavez challenges the manner of the execution of his sentence, the Court recommends RECHARACTERIZING this action as a 28 U.S.C. § 2241

REPORT AND RECOMMENDATION
PAGE - 1

habeas petition, TRANSFERRING this matter to the Eastern District of North Carolina, and STRIKING the IFP-deficiency notice so that Mr. Chavez may reapply for IFP status in the Eastern District of North Carolina.

**DISCUSSION**

Mr. Chavez contends that he is being improperly housed in Rivers Correctional Institution, which is operated by the GEO Group, Inc., on behalf of the BOP, because a private company is not obligated to protect his federal and constitutional rights. (Dkt. 1, at 3–5.) For relief, Mr. Chavez asks that the United States be held in contempt of the sentencing order and that he be transferred to a federally operated prison. (*Id.* at 5; Dkt. 4, at 1.) Although Mr. Chavez requests that this motion be heard as part of his 1989 criminal case (Dkt. 4, at 1), years ago he lost his appeal of that conviction and was denied 28 U.S.C. § 2255 habeas relief. *See United States v. Chavez*, 1993 WL 526087 (9th Cir. Dec. 20, 1993), *denial of § 2255 post-conviction relief affirmed by United States v. Chavez*, 1997 WL 406387 (9th Cir. July 18, 1997). Mr. Chavez indicates that he is definitively *not* bringing a 42 U.S.C. § 1983/*Bivens* action. (Dkt. 4, at 1.) His allegations thus suggest that he intends a 28 U.S.C. § 2241 habeas action to challenge the manner of execution of his sentence. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (order); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). If this is so, the § 2241 habeas petition has been filed in the wrong venue. Absent unusual circumstances, a habeas petition filed pursuant to § 2241 must be heard in the judicial district where petitioner is under custody. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Because the Rivers Correctional Facility is located in Hertford County, North Carolina, the proper venue for a § 2241 petition is the Eastern District of North Carolina. Normally, a district court should transfer a § 2241 petition to the appropriate district rather than dismiss the case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); 28 U.S.C. § 1631; *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)

REPORT AND RECOMMENDATION
PAGE - 2

(citing *Goldlawr, Inc.* for the proposition that normally both jurisdiction and venue transfers will be in interest of justice in a habeas case). The Court therefore finds that this case, recharacterized as a § 2241 petition, should be transferred to the Eastern District of North Carolina. *See* 28 U.S.C. § 1631.

## CONCLUSION

The Court recommends RECHARACTERIZING this action as a 28 U.S.C. § 2241 habeas petition, TRANSFERRING this matter to the Eastern District of North Carolina, and STRIKING the IFP-deficiency notice so that Mr. Chavez may reapply for IFP status in the Eastern District of North Carolina. A proposed order is attached.

DATED this 23rd day of December, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge